J-S74041-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NATHANIEL ANDREW KRONINGER, | : | |
| | : | |
| Appellant | : | No. 1531 EDA 2014 |

Appeal from the Judgment of Sentence Entered May 2, 2014,
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0006633-2012

BEFORE: BENDER, P.J.E., DONOHUE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED JUNE 25, 2015**

Nathaniel Andrew Kroninger (Appellant) appeals from the judgment of sentence entered on May 2, 2014, following his open guilty plea to one count of unlawful contact with a minor and one count of criminal use of a communication facility. In addition, Appellant's counsel seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Upon review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

The factual basis for Appellant's guilty plea was stated as follows:

> Between December of 2011 and August of 2012, [Appellant] engaged in numerous online conversations with a law enforcement officer who was in Montgomery County, Pennsylvania, who was acting in the performance of his duties

---

* Retired Senior Judge assigned to the Superior Court.

and who had assumed the identity of a minor, specifically a 14-year-old female.

[Appellant] engaged in numerous online conversations with this officer purporting to be a minor for the purpose of engaging in conduct specifically prohibited by Chapter 31, … including, among other things, involuntary deviate sexual intercourse with a person under the age of 16 and whom [Appellant] would have been four or more years older than.

… [O]n August 8th, 2012, [Appellant] did arrange online to meet with this purported 14-year-old female and he did travel to a location in Montgomery County to meet this female for the purpose of engaging in the prohibited conduct as described above[. Appellant's] date of birth is February 14th, 1982.

N.T., 12/17/2013, at 10-11.

As a result of these events, Appellant pled guilty to the above charges on December 17, 2013. On May 2, 2014, Appellant was sentenced to four to eight years' incarceration, followed by seven years' probation. On May 14, 2014, notwithstanding that Appellant was represented by the Montgomery County Public Defender's Office, Appellant filed a *pro se* "Notice of Appeal for Sentence Re-Consideration." Therein, Appellant sought a reduced sentence and appointment of counsel. On May 19, 2014, the trial court issued an order directing the filing of a 1925(b) statement. On May 27, 2014, Attorney Timothy Wile of the Montgomery County Public Defender's Office entered his appearance "solely as Appellate Counsel" on behalf of Defendant. That same day, Attorney Wile filed an amended notice of appeal. On June 12, 2014, the trial court issued an order that vacated its May 19, 2014 order and further ordered that Appellant file a 1925(b) statement within 21 days. In response, on June 13, 2014, counsel filed a statement, pursuant to

Pa.R.A.P. 1925(c)(4), of his intent to withdraw his representation of Appellant. The trial court then filed its Pa.R.A.P. 1925(a) opinion.

As a preliminary matter, we address counsel's petition to withdraw. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting *Commonwealth v. Smith*, 700 A.2d 1301, 1303 (Pa. Super. 1997)) ("When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has expounded further upon the requirements of *Anders*:

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and his *Anders* brief, we conclude that counsel has substantially complied with the above requirements.[1] Once "counsel has met these obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 2015 PA Super 69, 2015 WL 1612010 at *2 (Pa. Super. filed April 10, 2015), *quoting*, *Santiago*, 978 A.2d at 354 n. 5.[2]

---

[1] Appellant has not responded to counsel's petition to withdraw.

[2] Speaking for myself only and not as the conduit of this Court's decision, *see Commonwealth v. King*, 57 A.3d 607, 633 n. 1 (Pa. 2012) (Saylor, J., concurring) (discussing the precedent for a special concurrence by the author of the majority opinion), I acknowledge that the law of this Commonwealth now provides that this Court, when confronted with an *Anders* brief, must comb the record in search of issues of arguable merit

In his brief, Appellant's counsel states one issue that might arguably support an appeal: "Did the trial court abuse its discretion when it sentenced Appellant to a term of four (4) to eight (8) years of total confinement with respect to his conviction for unlawful contact with a  minor, graded as a felony of the first degree?"  **Anders** Brief at 5 (unnecessary capitalization

---

that were not raised by counsel.  **See Commonwealth v. Flowers**, 2015 PA Super 69, 2015 WL 1612010 at *2 (Pa. Super. filed April 10, 2015) ("[T]he reviewing court must make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues.").   I write separately to reiterate my disagreement with that opinion's holding as to this Court's duty.

We accept in all other criminal cases that counsel has put forth the appropriate issues and arguments and, if not, that the PCRA is available to the defendant for obtaining relief.  **See**, **e.g.**, **Commonwealth v. Koehler**, 914 A.2d 427, 438 (Pa. Super. 2006) ("[I]t is not this Court's duty to become an advocate for an appellant and comb through the record to assure the absence of trial court error.").   In an **Anders** case, to "vindicate[] the right to counsel" by "safeguard[ing] against a hastily-drawn or mistaken conclusion of frivolity[,]" **Santiago**, 978 A.2d at 361, our Supreme Court has added the additional protection of requiring the attorney to certify and demonstrate his or her thorough review of the record and applicable law before we will allow counsel to withdraw.

Now, under **Flowers**, this Court not only can, but must, effectively act as an advocate for a criminal defendant whose counsel seeks to withdraw. Not only does this render meaningless counsel's efforts under **Santiago**, but it results in the unnecessary, unwarranted, and patently unfair disparate treatment of criminal defendants by this Court.  **See id.** at *5 (Strassburger, J., dissenting) (quoting **Commonwealth v. Washington**, 29 A.3d 846 (Pa. Super. 2011) (Colville, J., concurring, unpublished memorandum at 6) ("[T]he purpose of **Anders** is to provide equal, not extra, representation to indigent defendants, regardless of their counsel's assessment of the merits of their appeals.").

omitted). This issue implicates the discretionary aspects of Appellant's sentence.[3]

Where an appellant challenges the discretionary aspects of a sentence, there is no automatic right to appeal, and an appellant's appeal should be considered to be a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007). As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

Instantly, it appears that Appellant has waived his discretionary-aspects-of-sentencing-claim for failing to preserve it at sentencing or in a

---

[3] Because the plea agreement was open as to his sentence, Appellant is not precluded from challenging the discretionary aspects of sentencing. *See Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009).

post-sentence motion pursuant to Rule 720.[4] **See Commonwealth v. Shugars**, 895 A.2d 1270, 1273-74 (Pa. Super. 2006) (quoting **Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.").

Assuming *arguendo* that the issue is preserved, however, we conclude that Appellant is not entitled to relief. The **Anders** brief includes a Rule 2119(f) statement, wherein Appellant claims that his sentence "is unduly harsh and excessive [and] too severe for the underlying conduct that formed the basis of his conviction, *i.e.*, an internet sting run by the Office of Attorney General where no actual minor was ever at risk." **Anders** Brief at 16.

"The determination of whether a substantial question exists must be determined on a case-by-case basis." **Commonwealth v. Hartman**, 908 A.2d 316, 320 (Pa. Super. 2006) (citation omitted). This Court has

---

[4] As stated above, the trial court treated Appellant's "Notice of Appeal for Sentence Re-Consideration" as a notice of appeal. Given the filing's title, the relief requested therein, and the time in which it was filed, it is unclear whether Appellant's "Notice of Appeal for Sentence Re-Consideration" was Appellant's attempt at filing a notice of appeal or a post-sentence motion. The curious nature of this filing is made only more salient given that, although it appears that Appellant was notified of his post-sentence and appellate rights at the guilty plea proceeding to some degree, N.T., 12/17/2013, at 8-10, he was not advised of those rights following sentencing in compliance with Pa.R.Crim.P. 704.

explained that: "[a] substantial question exists where an appellant advances a colorable argument that the sentencing judge's actions [were] either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (quoting *Commonwealth v. Koren*, 646 A.2d 1205, 1208 (Pa. Super. 1994)). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. Goggins*, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*) (emphasis in original).

A claim of a harsh or excessive sentence can, at times, raise a substantial question. *See Commonwealth v. Kalichak*, 943 A.2d 285, 292 (Pa.Super. 2008). However, this is not such a case:

> When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. … Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

*Moury*, 992 A.2d at 171 (some internal quotation marks and citations omitted). Here, the sentencing court stated that it had reviewed the PSI. N.T., 5/2/2014, at 8. The sentencing court then sentenced Appellant in the standard range. Thus, under our case law, the sentence is not excessive or unreasonable. *See Moury*, *supra*; *see also Commonwealth v. Cruz-*

***Centeno***, 668 A.2d 536, 545-46 (Pa. Super. 1995) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

Based on the foregoing, we conclude that Appellant's issue challenging the discretionary aspects of his sentence is frivolous. Moreover, we have conducted a "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." ***Flowers***, 2015 PA Super 69, 2015 WL 1612010 at *2. Thus, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

P.J.E. Bender concurs in the result.

Judge Donohue concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/2015